Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS BODINE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:12-at-00822 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collections Practices Act and California Rosenthal Act which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

////

////

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.  Plaintiff DENNIS BODINE is a natural person residing in the State of California, County of Sacramento.

4.  Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("ALLIANCEONE") at all times relevant was a corporation doing business of collecting debts in Sacramento County, California operating from an address at 4850 E STREET ROAD, SUITE 300, TREVOSE, PA 19053.

5.  Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

7.  The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8.  Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9.  The purported debt which Defendants attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant

1  designated as a DOE is involved in or is in some manner responsible as a principal,
2  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or
3  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and
4  thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the
5  true names and capacities of these DOE Defendants are ascertained, they may be inserted in
6  all subsequent proceedings, and that this action may proceed against them under their true
7  names.

## IV.  FACTUAL ALLEGATIONS

10. 11.   Sometime in March 2012, Plaintiff attempted to settle a debt allegedly owed to Defendant ALLIANCEONE in good faith.

12.   Instead of accepting Plaintiff's offer, ALLIANCEONE's representative threatened Plaintiff that ALLIANCEONE would pull his ex-wife into the debt unless the alleged debt was settled soon.

13.   ALLIANCEONE's representative then began a campaign of phone calls to Plaintiff to collect on the alleged debt.

14.   ALLIANCEONE's representative called Plaintiff virtually every day, multiple times a day at times, since Plaintiff's initial communication with ALLIANCEONE.

15.   ALLIANCEONE contacted Plaintiff's 71-year-old mother in New York on at least two occasions.

16.   Neither call was an attempt to locate Plaintiff, as ALLIANCEONE was already aware of Plaintiff's location and contact information.

17.   One of ALLICANCEONE's calls to Plaintiff's mother was placed at or around 10 p.m. EST.

18.   ALLIANCEONE's representative told Plaintiff's mother that Plaintiff had listed her as an "emergency contact."  This statement was false as she was not listed as an emergency contact.

19.   ALLICANCEONE further contacted Plaintiff's place of employment; one

1 call was to his supervisor at work who received a message, asking to speak with Plaintiff.

2  20. ALLICANCEONE had previously called Plaintiff at his place of employment and left messages on his voicemail.

 21. As ALLICANCEONE knew Plaintiff's location and contact information, the call to Plaintiff's supervisor was not an attempt to locate Plaintiff.

 22. Plaintiff is informed and believes ALLICANCEONE's call to his supervisor was meant to intimidate Plaintiff and pressure him to pay the alleged debt.

 23. ALLICANCEONE later contacted Plaintiff directly and left him a voice message.  The voice message indicated that Plaintiff's supervisor had referred the ALLICANCEONE representative to Plaintiff.

 24. Plaintiff discussed this voice message with his supervisor who indicated that the supervisor did not speak to the ALLICANCEONE representative who left the voice message.

 25. As a result of Defendants' conduct, Plaintiff suffered from severe stress, headaches, tension, nervousness, fear, worry, embarrassment, and sleepless nights.  Plaintiff further feared a reprimand at work for the amount of calls placed to him at work.

## V.  FIRST CLAIM FOR RELIEF

**(Against all Defendants for Violations of the Fair Debt Collection Practices Act)**

 26. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

 27. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff;

////

(b) The Defendants violated 15 U.S.C. §1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. §1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. §1692c(b) by communicating with a third person in connection with the collection of a debt;

(e) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(f) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(g) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(h) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(i) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

(j) Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

28. As a result of the above violations of the Fair Debt Collection Practices Act, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

////

////

## VI.  SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violations of the Rosenthal Act)

29.  Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

30.  Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b) Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

(c) Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt;

(d) Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family; and

(e) Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10) and 1692(f).

31.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32.   As a proximate result of Defendants' violations enumerated above, Plaintiff was damaged in amounts which are subject to proof.

33.  Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

////

////

## VII.  THIRD CLAIM FOR RELIEF

**(Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs)**

34. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

35.  Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

36.  Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a Debt.

37.  Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

38.  As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

39.  Defendants acted with oppression and malice and are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a)   Actual damages;

(b)   Punitive damages;

(c)   Statutory damages pursuant to California Civil Code §1788.30(a) and 15 U.S.C. §1692k;

(d)   Costs and reasonable attorney's fees pursuant to California Civil Code §§1788.30(b) & (c) and 15 U.S.C. §1692k; and

(e)   For such other and further relief as the Court may deem just and proper.

Date: June 8, 2012          ____/s/Jeremy S. Golden_____
                            Jeremy S. Golden,
                            Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 8, 2012          /s/Jeremy S. Golden
                            Jeremy S. Golden,
                            Attorney for Plaintiff